(No. 25096.— )

THE PEOPLE *ex rel.* S. L. Nudelman, Director of Finance, Appellant, *vs.* THE SUPERIOR PETROLEUM COMPANY, INC., *et al.* Appellees.

*Opinion filed December 12, 1939—Rehearing denied Feb. 7, 1940.*

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, W. S. DOLAN, and PHILIP J. SIMON, of counsel,) for appellant.

· JULIUS L. KABAKER, (JACOB G. GROSSBERG, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:.

The State of Illinois, through S. L. Nudelman, Director of Finance, brought suit in the municipal court of Chicago against the Superior Petroleum Company, Inc., as principal, and Victor A. Anderson, Chester Hardwicke and Hazel I. Hardwicke, as sureties, on the corporation bond of $4000. It was sought to recover $7003.33 due under the Motor Fuel Tax act. (Ill. Rev. Stat. 1937, chap. 120, par. 422.) Since the corporation had previously gone through bankruptcy it was not served with summons and the action proceeded solely against the sureties. On motion of the State, Hazel I. Hardwicke was dismissed from the case.

The evidence shows that the Superior Petroleum Company was licensed to transact business as a distributor of motor fuel on July 27, 1931, and on August 24, 1931, the company, as principal, and Victor A. Anderson and Chester Hardwicke, as sureties, executed their bond which was duly approved, in the penal sum of $4000, conditioned upon the company paying all motor fuel taxes due the State. From March until August, 1932, the company became liable to the State for $7503.33, and, after certain payments had been made, there remained due $6753.33 which was unpaid at the time of the trial. No evidence was offered to controvert the amount due or the liability of the corporation. The defendants, on June 15, 1933, sent a letter to the Director of Finance setting forth that the corporation was liable to become insolvent and requested that action be brought against it as provided by the Illinois Sureties statute. (Ill. Rev. Stat. 1937, chap. 132, par. 1.) About six months later, December 9, 1933, the State filed suit against the company but did not prosecute it to judgment.

Early in 1934, the company was forced into bankruptcy and there is no record of the State filing a claim against the estate of the bankrupt. The cause was tried before the court without a jury and at the close of the evidence the trial judge made a finding in favor of the defendants. The appeal has come directly to this court as the revenue is involved and the State is an interested party.

The defendants, appellees here, contend that the State was guilty of *laches* in waiting six months from the time of receiving the notice until the commencement of the suit against the corporation and claim that their liability on the bond has been discharged under the Illinois Sureties statute (Ill. Rev. Stat. 1937, chap. 132, par. 1) which provides: "That when any person bound as surety for another * * * apprehends that his principal is likely to become insolvent * * * if a right of action has accrued on the contract, he may, by writing, require the creditor forthwith to sue upon the same; and unless such creditor shall within a reasonable time, and with due diligence, commence suit thereon, and prosecute the same to final judgment and execution, the surety shall be discharged," etc.

Does this statute bar the State of Illinois from a recovery? We said in *People* v. *Brown*, 67 Ill. 435: "It is a familiar doctrine, that the State is not embraced within the Statute of Limitations, unless specially named, and, by analogy, would not fall within the doctrine of estoppel. Its rights, revenues and property would be at fearful hazard, should this doctrine be applicable to a State. A great and overshadowing public policy of preserving these rights, revenues and property from injury and loss by the negligence of public officers, forbids the application of the doctrine. If it can be applied in this case, where a comparatively small amount is involved, it must be applied where millions are involved, thus threatening the very existence of the government. The doctrine is well settled that no

*laches* can be imputed to the government and by the same reasoning which excuses it from *laches,* and on the same grounds, it should not be affected by the negligence or even the wilfulness of any one of its officials."

This principle has been adhered to in numerous later cases. (*People* v. *Pullman's Palace Car Co.* 175 Ill. 125; *People* v. *Gary,* 196 id. 310; *Brown* v. *Trustees of Schools,* 224 id. 184; *People* v. *Commercial Union Fire Ins. Co.* 322 id. 326.) The State of Illinois was not specially named in the statute, and the trial court was in error in precluding a recovery against the sureties on the bond.

It is further argued, and we think the record fairly shows, that the principal debtor was insolvent prior to the making of any demand for suit. Inasmuch as the judgment must be reversed for the reasons above indicated, we find it unnecessary to follow this line of argument or to determine the legal consequences incident upon this state of facts.

The judgment of the municipal court of Chicago is reversed and the cause remanded to that court for further proceedings in conformity with this opinion.

*Reversed and remanded.*