Shoreline Builders Company, an Illinois Corporation, Plaintiff-Appellee, v. City of Park Ridge, a Municipal Corporation and Park Ridge Park District, a Municipal Corporation, Defendant-Appellants.

**Gen. No. 49,832.**

First District, Second Division.
April 27, 1965.
Rehearing denied May 18, 1965.

Ashcraft, Olson, Beach, Alexander & Edmonds, of Chicago (Norman L. Olson, Jr., of counsel), for Park Ridge Park District, a municipal corporation, appellant; Edgar C. Lundberg, of Chicago, for City of Park Ridge, a municipal corporation, appellant.

Leo F. McLennon, of Park Ridge, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This is an appeal from a decree quieting title of plaintiff to a parcel of real estate situated in the City of Park Ridge, Illinois.

In 1947, Smith and Hill, Inc., caused a plat of subdivision, hereinafter referred to as "plat of 1947," to be filed for record with the Recorder of Deeds of Cook County, the subdivision being legally described as:

> Smith and Hill's Park Ridge Manor Unit No. 2, being a subdivision of the South ½ of the Northeast ¼ and the Southeast ¼ of the Northwest ¼ (except the West 217 feet measured on the North and South lines thereof) of Section 22, Township 41 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois.

The westerly 149.96 feet of the east 183 feet of the subdivision (the eastern-most 33.04 feet thereof having

been dedicated for street purposes) was designated on the plat as "PUBLIC PLAYGROUND." That portion so designated, hereinafter referred to as "playground," is the subject of this action. The plat of 1947 also included 296 lots, numbered 1 through 296, both inclusive, with various streets, and a public walkway between two of the lots leading to the playground.

At the time of the recording of the plat of 1947, all of the land included therein was within the Maine Park District, which was subsequently merged into the defendant Park Ridge Park District in 1954, the latter succeeding to the former's rights and obligations. None of the land was within the City of Park Ridge at the time of the recording. The plat was submitted to and approved by the County Board of Cook County, the Mayor and the City Council of the City of Des Plaines prior to its recordation with the Recorder of Cook County. The playground portion was removed from the county tax rolls and has not since been the subject of taxation.

In 1949, after only a few of the lots in the subdivision were sold, Smith and Hill, Inc., went into bankruptcy, and all of the remaining land in the subdivision was sold by the Trustee in Bankruptcy to plaintiff's predecessor in title.

In November of 1955 plaintiff and four other parties executed and filed with the City of Park Ridge a petition for the annexation to the city of the playground and a certain area to the north thereof, which petition stated that the signers were the owners of the land therein described. Later that month the City Council of Park Ridge passed an ordinance annexing said land to the City of Park Ridge in accordance with the petition. The balance of the subdivision was not then, nor has it since been, annexed to the City of Park Ridge.

In February of 1959 the commissioners of the Park Ridge Park District requested its attorney to take such steps as would be necessary to clear title to the playground in the park district. On September 8, 1959, however, the City of Park Ridge passed an ordinance accepting the dedication of the playground.

Plaintiff filed its complaint to quiet title to the playground on July 31, 1959, joining as defendants certain individual subdivision lot owners and the two appellants herein. The complaint alleged that plaintiff has title to the playground; that the designation "PUBLIC PLAYGROUND" on the plat of 1947 was a mere offer to dedicate; and the offer to dedicate was withdrawn before any municipality accepted it. It was further alleged that 97% of the subdivision lot owners had signed an agreement consenting to the vacation of the playground by plaintiff from the plat of 1947.

The City of Park Ridge and the Park Ridge Park District answered the complaint, denying plaintiff has title to the playground, denying the dedication could be revoked, and denying the subdivision lot owners could invalidate the dedication by agreement without the consent of the municipality.

The park district further answered that, because no municipality was in existence at the time of the recording of the plat of 1947 which was capable of taking title to the playground pursuant to section 3 of the Plat Act (Ill Rev Stats 1947, c 109, par 3,) the park district ought to have title by application to the cy pres doctrine, since it was the most logical municipal corporation to acquire, use and operate the playground.

The matter was referred to a master in chancery for the taking of evidence and a report thereon. After all of the evidence was in and the proofs closed, plaintiff obtained leave to file a supplemental and amended complaint, alleging the balance of the subdivision lot

owners had, since the filing of the original complaint, signed the agreement consenting to the vacation of the playground and further, because of this unanimous consent, the City of Park Ridge was required by the Plat Act to approve the deed of vacation of the playground, all questions of whether the plat of 1947 was a "statutory" plat or a "common law" plat, whether the offer to dedicate was ever accepted by any municipality, and so forth, having thereby become moot. On September 29, 1961, plaintiff presented its deed of vacation to the City Council of Park Ridge and the deed of vacation was rejected. The supplemental and amended complaint was then amended to reflect this rejection of the deed of vacation.

No further evidence was taken. After argument, the master submitted his report, finding that the dedication of the playground was a common law dedication rather than a statutory dedication, for the reason that no municipality was in existence at the time of the recording of the plat of 1947 capable of taking title to the playground, that the fee title remained with plaintiff and its predecessors, and that the dedication was a mere offer to dedicate, which offer was withdrawn before any municipality accepted it. The master's report further found that the playground portion of the plat of 1947 could be vacated by plaintiff without the consent of the municipality, so long as plaintiff proceeded in accordance with sections 6 and 7 of the Plat Act (Ill Rev Stats 1961, c 109, pars 6, 7) and further paid all taxes on the playground portion which had not theretofore been assessed. The court entered its decree for plaintiff in accordance with the master's findings and recommendations.

Defendants City of Park Ridge and Park Ridge Park District maintain the plat of 1947 was a statutory plat rather than a common law plat, for the reason that all the requirements of the Plat Act were strictly com-

plied with in the adoption thereof. They maintain further that title to the playground portion is in one or the other of them, and that the dedication of the playground cannot be vacated by plaintiff except with the consent of the municipality as provided by section 6 of the Plat Act.

Plaintiff's position is that, under sections 6 and 7 of the Plat Act, so long as all of the owners of the land included in a plat consent to a vacation of all or part of that plat, the municipality is obligated to approve the vacation, except in cases where streets and alleys are involved, in which cases only does the Plat. Act give the municipality the discretion to disapprove the vacation. Using the foregoing as its basis, plaintiff further maintains all questions relating to whether the dedication was a common law or a statutory dedication, whether the dedication was ever accepted, and so forth, are moot, since plaintiff has an absolute right to have the vacation approved due to the consent of all of the subdivision lot owners and due to the fact that no streets and alleys are in the portion sought to be vacated. These questions however, are not moot for the reason that the primary issue here is who holds the fee title to the playground. Plaintiff's argument proceeds on the assumption that the plat of 1947 was a common law plat and that it, plaintiff, has the fee to the playground portion. Under section 6 of the Plat Act only an owner of the land situated in the area of the plat sought to be vacated may cause the vacation thereof; if plaintiff has no title to the playground, on the grounds that the plat of 1947 was a statutory plat and that the playground dedication therein was accepted by the municipality, then it has no standing to cause the vacation of that part of the plat of 1947.

The master found that "if the plat of September 19, 1947, effectuated a statutory dedication in ac-

288

cordance with the statute, then the acceptance, acknowledgment and recording of the plat would have constituted a conveyance in fee simple title in derogation of plaintiff's title. The grantee municipality, if there be one, would then be the 'owner' of the tract in question. See Sears v. Chicago, 247 Ill 204; Tacoma Safety Deposit Co. v. Chicago, 247 Ill 192." The master concluded that "there not being a 'city, village or town or addition thereto' capable of taking title under § 3 of the Act, the dedication was a 'common law' dedication. A common law dedication has no effect upon the title to the property as such, but grants only an easement to the public."

■ In Village of Winthrop Harbor v. Gurdes, 257 Ill 596, 101 NE 199, the Supreme Court stated, at page 599:

"The acknowledgment and recording of a plat in accordance with the statute constitutes a conveyance in fee simple of the title to the streets, alleys and grounds set apart for public purposes, and where the municipality is not in existence at the time of the dedication, the fee of the streets, alleys and public grounds remains in abeyance, subject to vest in the corporation as soon as it is created."

See also Stevenson v. Lewis, 244 Ill 147, 91 NE 56. It is clear that the mere nonexistence of a municipality at the time an otherwise valid statutory plat is recorded will not render such plat a common law plat. Since the plat of 1947 in all respects conforms to the requirements of the Plat Act, we are of the opinion that it is a statutory plat and that the playground dedication contained therein is therefore a statutory dedication.

■ It is also of interest to note at this point that the procedure set out in sections 6 and 7 of the Plat

289

Act, regulating the vacation of plats, applies solely to the vacation of statutory plats, and not to the vacation of common law plats. Corbin v. Baltimore & O. C. Terminal R. Co., 285 Ill 439, 120 NE 800. Plaintiff's attempt to vacate the playground portion of the plat of 1947, pursuant to sections 6 and 7, in effect admits that the plat is a statutory plat.

█ Plaintiff contends that the Plat Act, by which the fee simple title to public streets and lands is vested in a municipality, is applicable only to urban communities and not to rural or unincorporated areas. Not only does the preceding discussion dispose of this contention, but a reading of sections 1 and 2 of the Plat Act (Ill Rev Stats 1947, c 109, pars 1, 2) renders this position untenable.

The first part of section 1 reads:

> "Whenever the owner of land wishes to subdivide it into two or more parts for the purpose of laying out a town, or making any addition to any city, village or town, or resubdividing any lots or block therein, *or desires to facilitate the sale of the land by subdividing it into lots, blocks or parcels,* he shall. . . ." (Emphasis supplied.)

The clear import of this part of section 1 is that the legislature intended any plat of land, no matter where the land was situated, to qualify as a statutory plat. The emphasized portion of the above part of section 1 was added in 1943. Since it is clear that the balance of the above part of section 1 refers to incorporated areas, it would be unreasonable to construe the newly-added emphasized portion as also referring only to incorporated areas, for the reason that the legislature would have accomplished nothing through its action in amending the section.

Section 2 of the Plat Act, however, is more directly in point. Therein is contained the procedure to be

followed in effecting approval of a plat by the appropriate public body where the platted area is located outside an incorporated area. Nowhere in the Plat Act is there any indication that the legislature intended a distinction to be made between incorporated and unincorporated areas as far as statutory plats are concerned.

Plaintiff supports its position on this point with the case of Carter Oil Co. v. Myers, 105 F2d 259. Although the Carter Oil case states that the Plat Act does not apply to rural communities as opposed to urban communities, the cases upon which it relies in support of this holding in no way bear upon the question of whether the Plat Act does or does not apply to unincorporated areas. See Town of Palatine v. Kreuger, 121 Ill 72, 12 NE 75, and Town of Hudson v. Carrithers, 201 Ill App 153, and the cases cited therein. These cases either assume the fee title to be with the original owner of the land, the municipality having only an easement, or, they proceed on the basis that no statutory plat was attempted involving the lands there in question, resulting only in a common law dedication with the fee title consequently remaining in the grantor.

A statutory dedication can be revoked only by proceeding in accordance with section 6 (and section 7, if necessary,) of the Plat Act. Kimball v. Chicago, 253 Ill 105, 97 NE 257. The conclusion of the master, that the offer to dedicate was withdrawn before acceptance by the municipality, is erroneous since the City of Park Ridge accepted the dedication of the playground in September of 1959, two full years before plaintiff submitted its deed of vacation to the city for approval. The playground area was annexed to the City of Park Ridge in 1955. The fee title therefore vested in the City of Park Ridge in September of 1959, pursuant to the provisions of section 3 of the Plat Act.

291

Section 6 of the Plat Act states that the deed of vacation "shall be approved by the city council or village or county board (as the case may be) in like manner as plats of subdivisions. Such council or board may reject any such instrument which abridges or destroys any public rights in any of its streets or alleys." It further provides that when lots in the plat have been sold, the owners of all the lots must join in the deed of vacation.

The master found that, even if the plat of 1947 was a statutory plat and the city be deemed an owner, the city is such an owner which must join in the deed of vacation, except in cases where public rights in streets or alleys are involved. This finding stems from the wording in section 6, to the effect that the municipality may reject a deed of vacation which affects public streets or alleys, and that because of this wording, the legislature intended such circumstances alone to give rise to a discretion in the municipality to reject a deed of vacation. Such a construction is contrary to both reason and the effect of section 3 of the Plat Act.

It would be unreasonable to hold that the legislature intended public rights in public lands to be divested without consent of the municipality which holds title to said lands for the benefit of its residents. This is especially true in cases where, as here, the owners of lots in a plat sought to be vacated do not constitute the entire residency of the municipality, since the municipality holds title for the benefit of all of its residents, not only for a portion thereof. The construction requested by plaintiff is further unreasonable from the standpoint that a municipality may rely in part upon the dedications in a plat submitted for its approval in determining whether to approve the plat or not. Once approved and the dedications accepted, it would be unconscionable to allow the platter thereafter to re-

take the dedicated lands for his own use and benefit. This becomes more apparent in view of the provision in section 3 of the Plat Act, which states that "the acknowledgment and recording of such plat . . . shall be held in law and in equity to be a conveyance in fee simple of such portions of the premises platted as are marked or noted on such plat as donated or granted to the public . . . *and as a general warranty against the donor, his heirs and representatives, to* such donee or grantee, for their use or for the use and purposes therein named or intended, and for no other use or purpose." (Emphasis supplied.) Certainly, once the municipality is vested with title upon acceptance of a dedication, action by the grantor to vacate the dedication and convert that portion to his own use and purpose would be a breach of the warranty provided for in section 3 of the Plat Act.

The tax burden attributable to the playground area of the plat of 1947 has been carried by the public from the time the plat was recorded until the present. At no time prior to the filing of this action did plaintiff or its predecessors make any attempt to reenter the area on the tax rolls; on the contrary, they acquiesced in the tax-free situation and accepted its benefits. Furthermore, in 1956, plaintiff sold two lots to the north of and abutting the playground with the representation that the playground area had been set aside as a public playground. While these lots do not form a part of the plat of 1947, one of the purchasers stated the representation made by plaintiff's sales agent had a bearing on his purchasing the lot; the purchaser specifically asked if homes were to be built on the playground area and the plaintiff's sales agent told him "no." The other purchaser likewise stated that he relied on plaintiff's representation in the purchase of his lot. Under these circumstances it would be unconscionable to allow plaintiff now to reclaim

the playground for its own use and purpose. See Trustees of Schools v. Dassow, 321 Ill 346, 353–354, 151 NE 896.

■ ■ The claim that defendants are guilty of laches is unavailing. Not only was plaintiff in no way harmed by the municipality's delay in accepting the dedication, but the doctrine of laches does not apply to governmental bodies in the exercise of governmental functions. People ex rel. Nudelman v. Superior Petroleum Co., Inc., 372 Ill 546, 25 NE2d 30.

■ The legislature did not intend that part of section 6 of the Plat Act, which states that the municipality may reject any deed of vacation which abridges or destroys public rights in streets or alleys, to be an exclusive limit on the municipality's discretion to reject a deed of vacation which abridges public rights in public lands other than streets and alleys. The City of Park Ridge did not act unreasonably in rejecting plaintiff's deed of vacation of the playground, land to which the City of Park Ridge, not plaintiff, has title.

The decree should be and it is reversed and the cause is remanded with directions to dismiss for want of equity the complaint, the supplemental complaint and amendments thereto.

Decree reversed and cause remanded with directions.

BRYANT and LYONS, JJ., concur.