LESLIE C. REIMAN, Downers Grove Township Highway Commissioner, Petitioner-Appellee, *v.* JOHN KALE *et al.*, Respondents-Appellants.— (BROOKERIDGE CREEK ASSOCIATES, Intervenor-Appellee.)

Second District No. 79-109

Opinion filed April 29, 1980.

Richard G. Raysa, of Bloche, French and Raysa, of Oak Park, for appellants.

David L. Kabat, of Darien, and Douglas A. Slansky, of Hooper, Bowers, Carney, Wiedel & Slansky, of Downers Grove, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This action was originally brought by Leslie Reiman, the Downers Grove Township highway commissioner, seeking a temporary restraining order and a permanent injunction restraining and enjoining the

respondents from erecting barriers across a road segment that terminated at the east line of Lot 3 in Austin Talbert's Assessment Plat. Brookeridge Creek Association, the owner of Lot 3, asked for and obtained leave to intervene. The amended complaint of petitioner prayed for a declaratory judgment that the road segment was dedicated to public use, and for a permanent injunction against respondents' interfering with such use. The trial court granted a temporary restraining order and subsequently entered an order finding that the road segment was a public right-of-way and that the public was entitled to free and unimpeded use of the road.

The land in question was subdivided in 1958 and was designated as Austin Talbert's Assessment Plat. The plat was apparently designed to allow the lot owners access to a private landing field and runways adjacent to their property. All owners of lots, with the exception of Lots 3 and 12, are subject to various covenants and restrictions, which include: (1) minimum square footage requirements for construction of residences; (2) a requirement that all building plans be submitted to an architectural review committee; (3) use of a landing field on Lot 12, subject to payment of an annual fee for said use, subject to the right to increase the annual fee upon a showing of an increase in the cost of repair and maintenance of the landing field, runway, and general property taxes.

Two access roads to the subdivision are Kearne Road, running north and south, and 86th Street, running east and west. The roads are designated by dotted lines and the lot lines, which run to the center of the road, are indicated by solid lines.

The instant controversy involves the use of that portion of 86th Street lying east of Kearne Road and running to the east line of Lot 3. Apparently, respondent Kale has been using this road segment for the purpose of taxiing his airplane to the air strip. The other respondents are also owners of lots in the subdivision. There is conflicting testimony in the record as to past maintenance, repair, and improvement of the road segment. Petitioner contends that maintenance was performed by the township in the area of 86th Street east of Kearne Road, while respondents deny that the township did anything to maintain that road segment. Respondents presented testimony that all maintenance and repair was done by them; however, there is no provision in the covenants and restrictions relating to the lots which would require the lot owners to do so.

Brookeridge Creek Associates, the intervenor-appellee, purchased Lot 3 (about 29 acres) for further subdivision and development. During the construction process, Brookeridge began sending various construction equipment to the job site by way of 86th Street. The respondents, owners of Lots 5 and 9, erected barricades across the east end of 86th Street to prevent access to Lot 3. The Downers Grove Township highway

commissioner ordered the removal of the barriers and brought this action. Brookeridge was granted leave to intervene.

A hearing was held and the trial court granted petitioner's request for a temporary restraining order. Subsequently, the trial court considered memoranda from the parties and entered an order which held that the portion of 86th Street lying east of Kearne Road is a public right-of-way and that the public is entitled to the free and unimpeded use of that road. Respondents filed a timely appeal.

The central question is whether the trial court properly declared the disputed road segment to be a public right-of-way, thereby prohibiting respondents from interfering with access to Lot 3. Thus, this court must determine whether there was a public dedication of the disputed segment, either by statutory dedication or by common law dedication, or, whether the road segment is burdened with an easement for the benefit of the owners of Lot 3.

■■ A statutory dedication occurs when the owner of property files or records a plat which marks or notes on the plat portions of the premises as donated or granted to the public; it results in the conveyance of the dedicated portions in fee simple to the public. (Ill. Rev. Stat. 1977, ch. 109, par. 9.) The key questions in considering a statutory dedication are whether the statute was fully complied with and whether the plat clearly indicates a donation to the public. *Sundstrom v. Village of Oak Park* (1940), 374 Ill. 632, 30 N.E.2d 58; Ill. Rev. Stat. 1977, ch. 109, par. 3.

■ In the case at bar, the plat is insufficient to create a statutory dedication because it fails to indicate that the streets were granted to the public. The streets are not marked as donated or dedicated to the public. Furthermore, the lot lines (solid lines) run to the center of the street. Thus, there is no clear indication on the plat that the owner intended to make a dedication. The mere fact that the plat indicates the presence of streets, which are generally considered public places, is insufficient to effect a statutory dedication, since there is no general prohibition against private streets. *People ex rel. Schimpff v. Norvell* (1938), 368 Ill. 325, 13 N.E.2d 960.

■ When technical requirements of a statutory dedication are not met in a particular case, the facts may still disclose a common law dedication. If a common law dedication has occurred, the fee to the premises remains in the dedicator, subject to an easement for the benefit of the public. There are three requirements for common law dedication: (1) donative intent; (2) acceptance by the public; and (3) clear and unequivocal evidence of the first two elements. (*Department of Transportation v. Thomas* (1978), 59 Ill. App. 3d 684, 689, 375 N.E.2d 834, 837.) In the present case, acceptance is not an issue, since the filing of this lawsuit by the township highway commissioner is indication of acceptance by the

public. (11 E. McQuillan, Municipal Corporations §33.49, at 760 (3d ed. 1977).) The key element of a common law dedication is the intention to dedicate. Donative intent may be shown by any acts or words on the part of the owner evincing a present, fixed, unequivocal purpose to dedicate to the public. 11 E. McQuillan, Municipal Corporations §33.30, at 699 (3d ed. 1977).

There are factors in the present case which could indicate an intent to donate the land in controversy to the public. Those factors are the nature of the property (roads are generally considered public), and the acquiescence of the lot owners in the township's maintenance of the roads. On the other hand, lack of such donative intent is indicated by the fact that the lot lines run to the center of the street and by the owners' payment of taxes on each entire lot, including the portions to the center of the street. Furthermore, the covenants and restrictions relating to the usage of the airport implicitly conflict with an intention to dedicate to the public. A number of the lots in the subdivision do not abut directly on the airport property; thus, lot owners having airplanes must gain access to the runways by either crossing the road or taxiing a short distance along the roads. Such use would be extremely difficult if the streets were to be freely accessible to the public, pursuant to a public dedication.

Even though there may be a showing of a township's periodic maintenance of roads in a subdivision, other factors may lead a court to find that no common law dedication occurred. (*People ex rel. Porten v. Geske* (1970), 119 Ill. App. 2d 152, 255 N.E.2d 753; *People v. Waitkus* (1964), 30 Ill. 2d 335, 196 N.E.2d 668.) Where there is no designation of the streets as either public or private, as in this case, and where lot lines end at the edge of streets or alleys, there is insufficient evidence of donative intent to effect a common law dedication. (*Clark v. McCormick* (1898), 174 Ill. 164, 51 N.E. 215; *Thompson v. Maloney* (1902), 199 Ill. 276, 65 N.E. 236.) The fact that lot lines extend to the center of the roads, coupled with evidence of the lot owner's conduct in treating the roads as private property, can indicate that there was no common law dedication of the road. *Clokey v. Wabash Ry. Co.* (1933), 353 Ill. 349, 187 N.E. 475.

■ Because of the specific facts in this case, including the placement of the lot lines, the payment of taxes, and the covenants supporting the use of the airport, we find that there is insufficient evidence of donative intent to effect a common law dedication. Thus, the trial court erred in declaring that the portion of 86th Street lying east of Kearne Road is a public right-of-way.

■ Although the facts in this case do not support a finding of a statutory or common law dedication, these same facts may indicate the existence of an easement over the disputed road segment in favor of the owners of Lot 3. In *Clark v. McCormick* (1898), 174 Ill. 164, 51 N.E. 215, the supreme

court held that the owners of lots within a subdivision are entitled to use the streets in the subdivision as designated on the plat to provide ingress and egress to and from all parts of the subdivision. Although in *Clark* the lot lines did not extend into the street and the court therefore found that there was a common law dedication, the same rationale applies to the case at bar. Each lot owner within a subdivision must have the right to use the roads for access to his own lot and to other lots within the subdivision. The lot owner purchased the land in reliance on the plat which indicated the access roads. Even if the roads are privately owned, the individual owners cannot deprive the other owners of access where they purchased in reliance on the plat layout. Since the plat in the instant case clearly indicates that Lot 3 is serviced by two roads, the use of one of those roads cannot now be denied. Therefore, we conclude that the plat created an easement over that portion of 86th Street lying east of Kearne Road and running to the easterly line of Lot 3 in Austin Talbert's Assessment Plat, in favor of the owners, occupiers, and invitees of Lot 3, and that respondents may not interfere with the use of that road segment by such owners, or occupiers, and invitees.

We accordingly reverse the trial court's determination that that part of 86th Street lying east of Kearne Road is a public right-of-way and that the public at large is entitled to the free and unimpeded use of said right-of-way. We find instead that that part of 86th Street lying east of Kearne Road is burdened by an easement for ingress and egress in favor of the owners, occupiers, and invitees of Lot 3, subject to the rights of all other lot owners in the subdivision to the reasonable use of said road segment in accordance with the covenants and restrictions covering the plat of subdivision.

Reversed, and judgment is hereby entered according to the foregoing findings and declaration of easement.

SEIDENFELD, P. J., and LINDBERG, J., concur.