BERNARD A. HEEREY, Plaintiff-Appellant, v. SAM MANIATIS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—2324

Opinion filed December 22, 1989.

---

*Justice Pincham participated in the decision prior to his resignation.

Kimberly Anderson Fortcamp, of Nathaniel I. Grey, P.C., of Chicago, for appellant.

Beerman, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Timothy M. Kelly, of counsel), for appellee Sam Maniatis.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Bernard A. Heerey appeals from an order of the trial court granting summary judgment to defendants in a dispute over the ownership and obstruction of an alley on Chicago's near north side.[1]

---

[1]Pursuant to the City's appellate brief, we note that Heerey's complaint is limited to the northernmost 49.36 feet of this alley. His complaint rests on the assumption that he has undisputed ownership of the southernmost 25 feet of the alley based on his ownership of lot 3, which borders on the alley on the east side, and lot 4, which also borders on the southern half of the alley on the west side. It is the City's position that the entire alley, which is 75 feet in length, is a public alley. However, the City did not file a counterclaim in the trial court and the only property currently before us is the northernmost 49.36 feet.

The defendants are Sam Maniatis (Maniatis), the beneficial owner of property abutting the disputed alley, and the City of Chicago (City); Western National Bank of Cicero (Bank), the title owner of Maniatis' property, is not involved in this appeal.

The pertinent facts are as follows. On February 6, 1985, Heerey filed a three-count complaint against Maniatis, the Bank and the City. In count I of his complaint, Heerey sought a declaratory judgment against the City, asserting that a certain alley lying adjacent to and contiguous to the east line of Maniatis' property and the west line of lot 4 of Heerey's property is a private alley. Count II of the complaint sought an injunction against Maniatis, barring his future interference with the alleged private alley. Count III of the complaint sought compensatory and punitive damages for Maniatis' past interference with the alleged private alley. After defendants filed answers to the complaint, Heerey filed a motion for summary judgment, and Maniatis and the City filed cross-motions for summary judgment, both asserting that the alley was a public one.

On March 29, 1988, the trial court granted summary judgment in favor of defendant Maniatis and against Heerey on the cross-motions for summary judgment, and dismissed Heerey's entire complaint. In doing so, the court, in a written decision, stated: "The issues presented to the Court by the motions are: (1) whether Heerey is prohibited from litigating to have the alley declared private by a restrictive covenant contained in a prior 1899 deed in Heerey's line of title; and (2) whether the subject alley is private as Heerey argues, or public as Maniatis argues. The Court having considered the briefs and affidavits finds that Heerey is prohibited from suing to have the alley declared private. The Court does not reach the issue of the public or private status of the alley." The restrictive covenant contained in the 1899 deed referred to by the court, which preceded Heerey's purchase of the property abutting the alley (lot 4), states as follows:

"A part of the consideration herein is that the grantee herein and all persons holding under and through him [of lot 4] shall never join in any petition *to vacate the public alley* next west of those premises, but such alley shall forever remain a public alley situated in the City of Chicago." (Emphasis added.)

On July 13, 1988, Heerey filed a motion for reconsideration. The trial court subsequently denied the motion, and this appeal followed.

On appeal, Heerey seeks either a reversal of the trial court's dismissal of his cause with a declaration that the alley is a private one and a remandment for a determination of his injunction count (count II) and damages count (count III) of his complaint or a remandment

with instructions to the trial court to enter a declaratory judgment on the ownership status of the alley after an evidentiary hearing and a hearing thereafter on counts II and III of his complaint.

Heerey makes his prayer for relief based on arguments, among others, that the trial court erred in leaving the ownership of the disputed alley unresolved, that it erred in dismissing the entire complaint where there were three counts in the complaint and only one was addressed by the court's order, that it was error for the trial court to hold that the restrictive covenant contained in the 1899 deed barred his action, that the alley could not be public as a matter of law, and that the trial court misinterpreted the restrictive covenant which it relied on.

Maniatis argues that the trial court properly concluded that the restrictive covenant barred the action and, accordingly, the court properly entered summary judgment in his favor. In addition, both Maniatis and the City argue that the alley is a public one.

■■ Summary judgment should be granted where "the pleadings, depositions and admissions on file, together with the supporting affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (*Wright v. Adonis Compania Naviera, S.A.* (1978), 59 Ill. App. 3d 108, 110; Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Evidence is to be construed strictly against the moving party and liberally in favor of the opponent. (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053.) The right to summary judgment must be clear beyond question, and an order granting summary judgment must be reversed if a reviewing court determines that a material question of fact does exist. *Wright v. Adonis Compania Naviera, S.A.* (1978), 59 Ill. App. 3d 108.

■■■ In the instant case, we find that not only did the trial court misapply the effect of the restrictive covenant in holding that it barred Heerey from seeking his declaratory action, but also that a genuine issue of material fact existed, and therefore, the court erred in granting summary judgment to Maniatis. We first observe that Heerey's declaratory action did not seek to *vacate* a public alley. Heerey requested that the court determine, based on his position that the alley was a private one, that he and Maniatis each owned 50% of the alley (12 feet x 49.36 feet) and that the City had no rights of any kind in the alleged private alley. In other words, Heerey was requesting the court to determine his and Maniatis' ownership rights in the alley and the City's nonownership; he was not requesting the court to vacate a public alley.

Moreover, Heerey's complaint simply cannot be construed as an action to vacate an alleged public alley. The procedure for vacating a public alley is governed by sections 6 through 8 of the plats act (Ill. Rev. Stat. 1987, ch. 109, pars. 6 through 8). Under the act, the granting or denial of a vacation of public property may only be accomplished legislatively through the appropriate governmental unit; it cannot be accomplished judicially. Accordingly, the restrictive covenant, which the trial court relied on in barring Heerey's declaratory action, would bar Heerey from bringing a vacation action before Chicago's city council, the proper authority empowered to grant or deny a vacation of the alleged public alley, if in fact the alley is a public one and if the deed containing the restrictive covenant is legally binding upon Heerey.[2] With respect to the instant appeal, therefore, we find that the trial court erroneously interpreted the language of the restrictive covenant as barring Heerey's declaratory judgment action.

We further find that "if" the alley is public and "if" the restrictive covenant is binding on Heerey[3] are both material questions of fact, which precluded entry of summary judgment. The only undisputed facts concerning the ownership history of the alley are that on July 28, 1880, George Healy filed a plat of subdivision which showed an unmarked strip of land 12 feet wide by 75 feet long. (The northernmost part of this strip (12 feet x 49.36 feet) is the "alley" at issue here.) In 1891, Healy conveyed lot 4 of the subdivision to William and Catherine Seymour; the conveyance from Healy to the Seymours made no mention of the alley. On April 13, 1899, the Seymours conveyed lot 4 to Suel and Florence Joss. This deed contained the restrictive covenant discussed above. On September 5, 1899, the Josses conveyed lot 4 to Thomas Skinner; the deed did not mention the restrictive covenant but refers to the alley west of lot 4 as being "public." Ultimately 17 deeds issued for lot 4 thereafter, and none of them mentioned the restrictive covenant or the alley. In 1901, Healy's widow sued Seymour, Joss and Skinner *et al.*, and reacquired lot 4

---

[2]Subsequent to filing this appeal, Heerey filed a motion to stay the appeal pending a ruling on a section 2—1401 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) filed with the trial court in which he asserted that, after entry of summary judgment, he discovered certain documents indicating that William Seymour, the creator of the restrictive covenant in the 1899 deed, never paid for the property (lot 4) and that his grantor's widow recovered the property by judicial sale, thereby "extinguishing" the restrictive covenant. The third division of this court, prior to reassignment of the appeal to our division, denied the motion. During the recent oral argument of the appeal, the parties informed this panel that the trial court denied Heerey's section 2—1401 motion without addressing its merits.

[3]See footnote 2.

through a judicial sale. In 1928, another plat was filed by a successor owner of lot 4, which described the alley as a private alley. Subsequently, in 1985, when Heerey's attorney went to the department of maps to find out who was the private owner of the alley, the superintendent of maps took a pen and crossed out the word "private" and wrote in the word "public" on the 1928 plat. Clearly, the foregoing facts do not support a finding *beyond question* that the alley is public, apparently the conclusion the trial court indirectly reached in its interpretation of the restrictive covenant as a bar to Heerey's action.

We further observe that even assuming *arguendo* that the language of the restrictive covenant "intended" that the alley be public rather than private, it is unclear whether defendants' position can be supported upon a common law or statutory dedication of the alley, especially since the trial court did not reach this issue. "A statutory dedication occurs when the owner of property files or records a plat which marks or notes on the plat portions of the premises as donated or granted to the public; it results in the conveyance of the dedicated portions in fee simple to the public." (*Reiman v. Kale* (1980), 83 Ill. App. 3d 773, 776.) When a plat does not meet the technical requirements, the facts may disclose a common law dedication. If a common law dedication has occurred, the fee remains in the dedicator subject to an easement for the public. There are three requirements for a common law dedication: (1) a donative intent; (2) acceptance by the public; and (3) clear and unequivocal evidence of the first two elements. (*Department of Transportation v. Thomas* (1978), 59 Ill. App. 3d 684.) Even if the facts of a case do not support a statutory or common law dedication, the facts may indicate an easement in favor of the owners within a subdivision as designated on the plat to provide ingress and egress to and from all parts of the subdivision. (*Reiman v. Kale* (1980), 83 Ill. App. 3d 773.) The foregoing are all considerations which the trial court should examine in determining the key material question of fact in this matter, *i.e.*, the ownership status of the alley; whether private or public.

In light of the above, we reverse and remand this action to the trial court with directions that it declare the ownership status of the alley, and, thereafter, conduct hearings on counts II and III of Heerey's complaint.

Reversed and remanded with directions.

LORENZ and COCCIA, JJ., concur.