BRAD EMALFARB, Plaintiff and Counterdefendant-Appellant, v. PHILIP L. KRATER *et al.*, Defendants and Counterplaintiffs-Appellees.

Second District    No. 2—93—0830

Opinion filed September 7, 1994.—Rehearing denied October 12, 1994.

Thomas J. Moran, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (James J. Babowice, of counsel), for appellant.

Laurence M. Dunlap, of Dunlap & Brown, Ltd., of Libertyville (Laura L. Kerton, of counsel), for appellee West Shore Park Corporation.

Jonathan B. Gilbert, of Schippers & Gilbert, Chartered, of Chicago (David P. Schippers, of counsel), for other appellees.

JUSTICE QUETSCH delivered the opinion of the court:

This appeal concerns title to a parcel of land in the second addition to the West Shore Park subdivision near Diamond Lake in Lake County. Plaintiff, Brad Emalfarb, brought this action to quiet title to the property, which defendants contend has been dedicated for use as a public park. Defendants Philip Krater, Lawrence W. Krater, Nona I. Krater, Steven W. Krater, Louise Krater and Frances M. Krater are the owners of several lots in the second addition to the West Shore Park subdivision, and defendant West Shore Park Corporation (WSP Corp.) is an association of owners of property in the subdivision. Following a bench trial, the circuit court of Lake County entered judgment in favor of defendants, finding that there had been an effective statutory dedication of the property to Lake County for use as a public park. Plaintiff raises the following issues

on appeal: (1) whether there was an effective statutory dedication of the property; (2) whether defendants have engaged in an improper collateral attack on the tax deed issued to one of plaintiff's predecessors in title; (3) whether Lake County was a necessary party to this action; and (4) whether defendants' challenge to plaintiff's title is barred by sections 2—1401(e) and 13—110 of the Code of Civil Procedure (735 ILCS 5/2—1401(e), 13—110 (West 1992)) and by *laches*.

Plaintiff claims ownership of the property by virtue of a deed dated October 11, 1991, from Rodney H. Weldon, which is in the chain of title leading back to a tax deed issued in 1978 to Marguerite J. Weldon. After the deed to plaintiff was recorded, Philip Krater filed an affidavit with the Lake County recorder of deeds averring that the owners of property in the West Shore Park subdivision, individually and as members of WSP Corp., claim the right to the use and enjoyment of the property as a park. The affidavit stated that the property had been in continuous use by the residents of the subdivision and their guests for a period in excess of 40 years for such recreation purposes as sunbathing, picnics, and volleyball.

Plaintiff brought this quiet title action against Philip Krater and WSP Corp., and the other members of the Krater family subsequently intervened as defendants. The Kraters and WSP Corp. filed separate counterclaims against plaintiff, seeking declaratory relief. The Kraters' counterclaim sought a determination that there had been a statutory dedication of the property for use as a public park. WSP Corp.'s counterclaim consisted of four counts respectively seeking declarations: (1) that there had been a statutory dedication of the property for use as a public park; (2) that there had been a common-law dedication of the property to the public for use as a public park; (3) that WSP Corp. and the public had acquired an easement to use the property as a park; and (4) that the tax deed to Marguerite Weldon was void *ab initio*.

The original plat for the West Shore Park subdivision was recorded in 1923. In 1937, a portion of the subdivision designated "Lot E" was further subdivided as the second addition to West Shore Park by a plat approved by the Lake County board of supervisors and recorded with the Lake County recorder of deeds. On that plat, the word "Park" appears with reference to the parcel that is the subject of the case at bar.

The property apparently did not appear on Lake County tax rolls from 1937 until approximately 1972. Andrew Wulf, the supervisor of map services for Lake County, testified at trial but was unable to offer a definite explanation of why the property was not listed for taxation during that time period or the circumstances surrounding

its eventual placement on the tax rolls in 1972. The record establishes that in 1971 or 1972 Lake County installed a sewer line on the property although there apparently was no easement of record authorizing the county to do so.

Several witnesses testified that the property had been used exclusively for recreational purposes and had been so used by residents of the subdivision and nonresidents alike. It was stipulated that numerous other individuals would give similar testimony if called as witnesses.

After trial and the submission of post-trial briefs by the parties, the trial court entered judgment in favor of defendants, finding that "the plat of subdivision constituted a statutory dedication of the subject property to Lake County for use as a public park." This appeal followed.

■ We first consider plaintiff's argument that the judgment must be reversed because of the failure to join Lake County as a party. A necessary party is one whose participation in the litigation is required for any of three reasons: (1) to protect an interest which the absent party has in the subject matter of the controversy which would be materially affected by a judgment entered in its absence; (2) to reach a decision which will protect the interests of those before the court; or (3) to enable the court to make a complete determination of the controversy. (*Tomaso v. Plum Grove Bank* (1985), 130 Ill. App. 3d 18, 26; *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 623.) It has been held that "[a]n action for quiet title or to remove a cloud on title should join as parties all persons who may have a substantial interest therein and who will be materially affected by the decree." (*Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 812.) Under fundamental principles of due process, a court is without jurisdiction to enter an order or judgment which affects a right or interest of someone not before the court. (*Feen v. Ray* (1985), 109 Ill. 2d 339, 344; *Pettey v. First National Bank* (1992), 225 Ill. App. 3d 539, 547-48.) An order entered by a court without jurisdiction over a necessary party is null and void. *State Farm Mutual Automobile Insurance Co. v. Haskins* (1991), 215 Ill. App. 3d 242, 245.

■ It is well established that any party, or the court, *sua sponte*, may raise the issue of the absence of a necessary party at any time in the trial court or for the first time on appeal. (*Allied American Insurance Co. v. Ayala* (1993), 247 Ill. App. 3d 538, 543-44.) However, objections to nonjoinder of necessary parties made after judgment are disfavored and will be rejected unless the absent party was deprived of material rights without being heard or the absent party's interests are so interconnected with the appearing parties' interests

that the presence of the absent party is absolutely necessary. (*Ayala*, 247 Ill. App. 3d at 544; *Haskins*, 215 Ill. App. 3d at 245.) In the case at bar, the issue of whether Lake County was a necessary party does not appear to have been raised at trial, and therefore the standard formulated in *Ayala* and *Haskins* applies.

■ It is clear that Lake County has a direct interest in the subject matter of this litigation. The central issue in the trial court and on appeal is whether there was an effective statutory dedication of the subject property to Lake County for use as a public park based on the 1937 plat which designated the property as a "park." A statutory dedication occurs when the owner of property files or records a plat which marks or notes on the plat portions of the premises as donated or granted to the public (*Schwebl v. Seifer* (1991), 208 Ill. App. 3d 176, 181; *Reiman v. Kale* (1980), 83 Ill. App. 3d 773, 776) and the public entity to which the property is dedicated accepts such dedication (*Schwebl*, 208 Ill. App. 3d at 179). When the dedication is accepted, the grantee acquires legal title to the land upon an express charitable trust to use the property for public purposes, and the grantee may not alienate or dispose of the property for its own benefit, and, as trustee, it has no right to use the property inconsistently with the public usage to which it is dedicated. *In re Petition of the Village of Mount Prospect, Illinois, to Sell Certain Public Property No Longer Feasible Or Practicable For Public Purposes & To Apply The Proceeds Thereof To Related Public Use Pursuant To The Doctrine of Cy Pres* (1988), 167 Ill. App. 3d 1031, 1036.

■ Lake County clearly had an interest in the determination of whether it had acquired the status of a trustee for the subject property, and it certainly would have been desirable to have joined Lake County. However, applying the standard applicable at this stage of the proceedings we do not believe that a judgment on the merits will deprive Lake County of material rights or that Lake County's interests are interconnected with the interests of the appearing parties.

Since Lake County was not joined as a party, it will not be bound by a judgment in this case. (See *Feen v. Ray* (1985), 109 Ill. 2d 339, 348.) Lake County will be free to relitigate the issues in this case and, therefore, will not be deprived of material rights by a judgment entered in its absence. (*Cf. Safeco Insurance Co. v. Treinis* (1992), 238 Ill. App. 3d 541 (action by insurer seeking declaration of noncoverage with respect to automobile accident could proceed against the injured party only, where insurer was unable to serve summons on its policyholder and the driver of the policyholder's automobile).) This is not a case where a judgment, though not legally binding on the

absent party, would, as a practical matter, have a material effect on the absentee's rights. See, *e.g.*, *Burt v. Board of Education of Coal City Community Unit School District No. 1* (1985), 132 Ill. App. 3d 393, 396 (bidder awarded bus transportation contract by defendant board of education was a necessary party in an action by a competing bidder seeking, *inter alia*, to enjoin the board from performing the contract, since "[i]f a court held that the board could not go forward with the contract with [the awardee], its rights would certainly be materially affected"); see also *Safeco Insurance Co. v. Treinis* (1992), 238 Ill. App. 3d 541, 546 (noting that a typical example of a situation where joinder is necessary to protect an interest of the absentee which might be affected by a judgment entered in its absence "can be found in cases involving a limited fund where an unjoined party, while not bound by the decision, may suffer prejudice if the fund is depleted by a judgment in favor of the plaintiff").

The only possible prejudice resulting from Lake County's absence is to the parties before the court who face the possibility of further litigation with possibly inconsistent results. But by failing to object to nonjoinder at an appropriate point during the proceedings below, they effectively waived the right to challenge the judgment based on such prejudice. The courts, as well as the parties, have an interest in complete determinations of controversies so as to avoid duplicative litigation with the possibility of inconsistent results. This concern is reflected in the requirement that we examine whether the absentee's interests are "so interconnected with the appearing parties' interests that the presence of the absent party is absolutely necessary." (*Allied American Insurance Co. v. Ayala* (1993), 247 Ill. App. 3d 538, 544.) We acknowledge the possibility that Lake County may collaterally challenge any determination made in this action. However, with respect to judicial efficiency, we note that a conclusion that Lake County is a necessary party will ensure the prolongation of this litigation, while a contrary conclusion merely leaves the possibility of future litigation.

Under the circumstances of this case, we conclude that Lake County is not a necessary party, and notwithstanding Lake County's absence, a judgment on the merits may stand as a binding judgment among the parties actually before the court.

We turn now to the principal substantive issues raised on appeal. Plaintiff argues that the trial court erred in concluding that an effective statutory dedication occurred. Plaintiff also argues, *inter alia*, that defendant's claim that the subject property was dedicated for use as a public park is an improper collateral attack on the tax deed issued to plaintiff's predecessor in title. According to plaintiff,

the tax deed was only subject to challenge by a direct appeal from the order pursuant to which it was issued or by a petition pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)) filed no more than two years after the entry of the tax deed order.

■ Assuming for the moment that, as defendants claim, at some point the public obtained rights in the subject property by way of a statutory or common-law dedication, the outcome of this case hinges on the validity and effect of the tax deed issued in 1978. Generally speaking, subject to exceptions not applicable here (see 35 ILCS 200/22—70 (West Supp. 1993)), "[a] tax deed creates a new and independent title, free and clear from all previous titles and claims of every kind." (*In re Application of County Collector For Judgment & Order Of Sale Against Lands & Lots Returned Delinquent For Non-Payment of General Taxes & Special Assessments For The Year 1983 & Prior Years* (1990), 206 Ill. App. 3d 22, 28.) We are aware of commentary indicating, without citation of authority, that tax deeds do not extinguish public easements. (Annot., 7 A.L.R.5th 187, § 1[a], at 200 n.3 (1992).) However, we find no authority for such a rule in this State. Defendants seem to assume that if the 1978 tax deed was valid it would be subject to rights of the public created under a prior dedication. However, defendants have advanced no meaningful argument in support of this assumption. Instead, defendants' argument is limited to a claim that the 1978 tax deed is completely void, and we will correspondingly limit our analysis to that question.

■ Section 266 of the Revenue Act of 1939 (which was in effect during the relevant time frame[1] ) provided, in pertinent part:

> "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 2—1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under that Section with respect to final orders and judgments in other proceedings."[2] (35 ILCS 205/266 (West 1992) (recodified, as amended, at 35 ILCS 200/22—45 (West Supp. 1993)).)

---

[1]On January 1, 1994, the Property Tax Code (35 ILCS 200/1—1 *et seq.* (West Supp. 1993)) replaced the Revenue Act of 1939.

[2]Section 266 was amended in 1990 to provide that the grounds for relief under section 2—1401 "shall be limited to a showing by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee, that the taxes were paid prior to sale, or that the property was exempt from taxation." Pub. Act 86—1431, § 1, eff. September 12, 1990.

Plaintiff contends that because defendants failed to seek relief under section 2—1401 in a timely manner, the validity of the 1978 tax deed may not be challenged in these proceedings. Defendants respond, however, that the time limitations of section 2—1401 do not apply where the circuit court in the tax sale/tax deed proceedings lacked subject-matter jurisdiction. (*In re Application of County Collector* (1977), 48 Ill. App. 3d 572, 586 (hereinafter *Burdash*).) *Burdash* held that the circuit court in such proceedings functions pursuant to special statutory jurisdiction and lacks subject-matter jurisdiction to order the sale of property which is exempt from taxation. (48 Ill. App. 3d at 584; see also *In re Application of Cook County Collector For Judgment & Sale Against Lands & Lots Returned Delinquent For Nonpayment Of General Taxes For The Year 1985 & Petition For Tax Deed Of Barnard* (1991), 228 Ill. App. 3d 719, 731; *Novak v. Smith* (1990), 197 Ill. App. 3d 390, 396-97.) The *Burdash* court further reasoned that, because the trial court's jurisdiction to order the issuance of a tax deed is simply that jurisdiction retained for the purpose of making necessary orders supplemental to the judgment and order of sale, the circuit court's tax deed order with respect to exempt property is void for lack of subject-matter jurisdiction.

■ Defendants correctly observe that a statutory dedication results in a conveyance of title to the grantee. (See, *e.g.*, *Woodward v. Schultz* (1959), 15 Ill. 2d 476, 482.) Defendants contend that in the case at bar Lake County obtained title to the property and the property thereby became exempt from taxation. If a statutory dedication to Lake County occurred, section 19.9 of the Revenue Act, providing an exemption for "[a]ll *** public squares and other public grounds *owned by a municipal corporation* and used exclusively for public purposes" (emphasis added) (35 ILCS 205/19.9 (West 1992) (recodified at 35 ILCS 200/15—75 (West Supp. 1993))) would appear to apply, since it has been held that the term "municipal corporation" as used in this provision includes counties. *Skil Corp. v. Korzen* (1965), 32 Ill. 2d 249, 250, citing *Perkins v. Board of County Commissioners* (1916), 271 Ill. 449, 459 ("In this State counties are involuntary municipal corporations organized for the purpose of aiding in the proper and more efficient administration of the affairs of State government"); see also *People v. Walker* (1978), 59 Ill. App. 3d 192, 195-97.

■ Defendants also propose that even if there was no statutory dedication of the property, there was a valid common-law dedication. However, a common-law dedication would not exempt the property from taxation. A common-law dedication has no effect on title to the property as such but grants only an easement to the public. (*Woodward v. Schultz* (1959), 15 Ill. 2d 476, 482.) In *Large v. Lyons*

(1975), 31 Ill. App. 3d 1076, 1081, we noted that because a common-law dedication only grants an easement to the *public* the requirement that the property be owned by a *municipal corporation* is not satisfied. We are aware that the Appellate Court, First District, reached a different conclusion in *In re Application of County Collector* (1976), 44 Ill. App. 3d 327 (hereinafter *Musikantow*). The *Musikantow* court focused principally on the question of whether an easement could be said to constitute "ownership" in this context, but the court did not thoroughly explore the question of whether *a municipal corporation* acquires such ownership. While a common-law dedication grants an easement to the *public*, it is not clear that a common-law dedication *necessarily* passes any property interest to a particular corporate body. (See generally *Woodward v. Schultz* (1959), 15 Ill. 2d 476, 483 (observing that the public is "an ever-existing grantee capable of taking [common-law] dedications for public uses *without the existence of some corporate form*" (emphasis added)).) In any event, *Musikantow* appears to be distinguishable because in that case the Village of South Holland had exercised complete control over the land in question, leading the court to conclude, in essence, that the village had practical ownership of the property. Under the circumstances of this case we will adhere to the reasoning set forth in *Large*.

Accordingly, for defendants to prevail, they must establish the existence of a statutory dedication, and we turn to that question next.

■ Pursuant to section 3 of the Plat Act (765 ILCS 205/3 (West 1992)), a statutory dedication occurs when the owner of property files or records a plat which marks or notes on the plat portions of the premises as donated or granted to the public. (*Reiman v. Kale* (1980), 83 Ill. App. 3d 773, 776.) In order to effect a statutory dedication, the provisions of the Plat Act must be fully complied with, and the plat must clearly indicate a donation to the public of the real estate in question. (*Semmerling v. Hajek* (1994), 258 Ill. App. 3d 180, 187; *Alpine Acres Homeowners Association v. Leonard* (1991), 213 Ill. App. 3d 634, 644; *Reiman*, 83 Ill. App. 3d at 776.) In determining whether there was a valid statutory dedication under the Plat Act, a court is limited to an examination of the plat and the marks and notations appearing on the plat. *Alpine Acres*, 213 Ill. App. 3d at 644; *Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 339.

■ When the technical requirements of a statutory dedication are not met in a particular case, the facts may still disclose a common-law dedication (*Semmerling*, 258 Ill. App. 3d at 187; *Reiman*, 83 Ill. App. 3d at 776), in which case, as noted above, the fee remains

in the dedicator, subject to an easement for the benefit of the public (*Reiman*, 83 Ill. App. 3d at 776). For a common-law dedication to be effective, there must be (1) an intention to dedicate the property to the public use; (2) acceptance by the public, and (3) unequivocal evidence of the first two elements. (*First Illinois Bank v. Valentine* (1993), 250 Ill. App. 3d 1080, 1091; *Reiman*, 83 Ill. App. 3d at 776.) For purposes of establishing a common-law dedication, "[d]onative intent may be shown by any acts or words on the part of the owner evincing a present, fixed, unequivocal purpose to dedicate to the public." *Reiman*, 83 Ill. App. 3d at 777, citing 11 E. McQuillan, Municipal Corporations § 33.30, at 699 (3d ed. 1977); see also *Alpine Acres*, 213 Ill. App. 3d at 645 (donative intent "may be manifested by *** acts of the donor from which intent may be so fairly presumed as to equitably estop the donor from denying a donative intent").

■ While it is sometimes stated that a statutory dedication results in a conveyance of the subject in fee simple to the public (*e.g., Reiman*, 83 Ill. App. 3d at 776; *Terwelp v. Sass* (1982), 111 Ill. App. 3d 133, 136), our supreme court has indicated that, unlike a common-law dedication, a statutory dedication requires an ascertainable grantee to take title. (*Woodward v. Schultz* (1959), 15 Ill. 2d 476, 482-83.) The *Woodward* court explained the distinction, noting that since a common-law dedication has no effect on title as such, but merely creates an easement, "[a]n ascertainable grantee capable of taking, that is in existence at the time of the dedication or that is created subsequent to the dedication, is not necessary to a valid common-law dedication of land to a public use, since the public is an ever-existing grantee capable of taking dedications for public uses *without the existence of some corporate form capable of taking title*." (Emphasis added.) *Woodward*, 15 Ill. 2d at 483.

■ In this respect, section 3 of the Plat Act expressly provides that dedications for public use "in any city, village or town *** shall be held in the corporate name thereof in trust to and for the uses and purposes set forth or intended." (765 ILCS 205/3 (West 1992).) However, the nonexistence of such a grantee at the time the plat is filed or recorded is not fatal; " 'where the municipality is not in existence at the time of the dedication, the fee of the streets, alleys and public grounds remains in abeyance, subject to vest in the corporation as soon as it is created.' " *Shoreline Builders Co. v. City of Park Ridge* (1965), 60 Ill. App. 2d 282, 289, quoting *Village of Winthrop Harbor v. Gurdes* (1913), 257 Ill. 596, 599.

With these principles in mind, we turn to the question of whether there was a statutory dedication of the property that is the subject of this appeal to Lake County for use as a public park. Plaintiff contends

that the appearance of the word "park" on the plat is not sufficient to establish the donative intent necessary for a statutory dedication to Lake County. Under the circumstances of this case, we agree.

The case at bar poses the question of whether the fact that the use specified on a plat for certain land is normally a public use rather than a private use will be sufficient to establish donative intent in the absence of a specific designation of the land as public or other words expressing an intent to donate the land for public use. From our review of the case law in Illinois, we find no decision addressing the issue in precisely these terms, nor are the results of the various decisions entirely consistent.

In *Village of Benld v. Dorsey* (1924), 311 Ill. 192, a tract of land was identified simply as "Park" in the original plat of the Village of Benld. The court stated that "[t]he block was near the center of the village, and the name 'Park' on a piece of ground in the village would indicate its intended use as a place for recreation, amusement and kindred uses as a public park and would constitute a statutory dedication to the public for such uses." (*Village of Benld*, 311 Ill. at 194-95.) However, the court found other words on the face of the plat which negated donative intent. *Village of Benld*, 311 Ill. at 195.

In *City of Chicago v. Chicago, Burlington & Quincy R.R. Co.* (1925), 319 Ill. 351, the court held that the plat in question was sufficient to establish a statutory dedication to the public of a slip adjoining the Calumet River. Although the plat did not specifically designate the slip either as public or private, the court stated "[a] slip extending into land from a navigable river has a well known use in commerce and navigation and for the docking of vessels, and when designated on a plat will be presumed to be intended for its ordinary use." (319 Ill. at 357.) The court also found it significant that roads on the plat were marked "private," and the court noted that the dock company "could easily, by the use of the word 'public' or 'private' with reference to the slips, have made its intention in respect to them equally clear." (319 Ill. at 357.) The court concluded that "[t]he slip in question opens into a navigable water, the proprietor did not impose any limitation upon its use, and *from a consideration of the whole plat* we are convinced that the slip was dedicated to the public use." 319 Ill. at 358; see also *Alpine Acres Homeowners Association v. Leonard* (1991), 213 Ill. App. 3d 634, 644-45 (where one portion of plat indicated that land was "Dedicated to Roadway," the failure to use the term "dedicated" with respect to another road indicated intent not to dedicate the latter road to public use).

On the other hand, more recently, in *Reiman v. Kale* (1980), 83 Ill. App. 3d 773, we held that streets indicated on a plat were not given to the public by statutory dedication. We stated:

"The streets are not marked as donated or dedicated to the public. Furthermore, the lot lines (solid lines) run to the center of the street. Thus, there is no clear indication on the plat that the owner intended to make a dedication. *The mere fact that the plat indicates the presence of streets, which are generally considered public places, is insufficient to effect a statutory dedication, since there is no general prohibition against private streets.*" (Emphasis added.) *Reiman*, 83 Ill. App. 3d at 776.

See also *Semmerling v. Hajek* (1994), 258 Ill. App. 3d 180, 187.

■ Based on our consideration of the case law, we conclude that the designation of the subject property as a "park" on the plat is insufficient to demonstrate a dedication to public use under the circumstances of this case. Like the streets at issue in *Reiman*, even to the extent that parks are generally considered public places, they obviously may be maintained privately. Indeed, as plaintiff notes, the original plat of the West Shore Park subdivision states: "All drives, lanes, terraces, beaches *and parks* in this Subdivision are for the use only of the present owners, their heirs, successors or assigns." (Emphasis added.) We find *City of Chicago v. Chicago, Burlington & Quincy R.R. Co.* (1925), 319 Ill. 351, to be distinguishable because the designation of property adjacent to a navigable waterway as a "slip" more inherently signifies a public use than does the designation of a park in a subdivision. Moreover, the decision in that case was influenced by the fact that, in contrast to the slip, other parts of the plat were expressly marked as private.

*Village of Benld v. Dorsey* (1924), 311 Ill. 2d 192, discussed above, is the strongest authority defendants cite in support of their position, but it too is distinguishable from the case at bar. In *Benld*, the tract marked "Park" was part of the original plat of the village, and the court apparently found it significant that the tract was near the center of the village where public grounds might be expected to be found. Thus, the court stated that "the name 'Park' *on a piece of ground in the village* would indicate its intended use *** as a public park." (Emphasis added.) (311 Ill. at 195.) This reasoning does not apply with the same force where the ground is marked "park" in a plat of a subdivision which is located in an unincorporated area. We note that while the word "park" may generally signify a public use, it is also true that a park has traditionally been defined as " 'a piece of ground *in a city or village* set apart for ornament or to afford the benefit of air, exercise or amusement.' " (Emphasis added.) (*Robbins v. Commissioners of Lincoln Park* (1928), 332 Ill. 571, 578, quoting 17 Am. & Eng. Ency. of Law 407 (1st ed. 19___).) In the present case, since the property is not located in a city or village, it is clear that

the word "park" was not used in its strictest sense, and under these circumstances it is reasonable to conclude that perhaps only a private use may have been intended. See generally, 23 Am. Jur. 2d *Dedication* § 33 (1983) ("[a]n intention to dedicate will not be inferred *** from names importing private use as readily as public").

In any event, even if the word "park" on the plat was itself sufficient to establish intent to dedicate the property to a public use, it does not establish intent to dedicate the property specifically to Lake County. In this respect, *Village of Benld* is again distinguishable. As noted above, a statutory dedication requires an ascertainable grantee. (*Woodward v. Schultz* (1959), 15 Ill. 2d 476, 482-83.) In *Benld*, the property marked "Park" was located in a village, and even though no grantee was named on the plat, the plat could be construed as a grant to the village pursuant to section 3 of the Plat Act, which provides, in pertinent part, that "premises intended for any street, alley, way, common or other public use *in any city, village or town* *** shall be held in the corporate name thereof." (Emphasis added.) (765 ILCS 205/3 (West 1992).) (We note that the term "common," as used in this provision, apparently refers to what is now generally known as a "park." (See Black's Law Dictionary 249 (5th ed. 1979)).) In the case at bar, defendants have not sought a finding that there was a dedication to any particular city, village, or town. While defendants have taken the position that there was a dedication to Lake County, there is no reference on the plat to Lake County as a grantee, and section 3 of the Plat Act does not specify counties as grantees.

To summarize, we conclude that the plat does not establish the requisite donative intent for a statutory dedication since: (1) the term "park" does not *necessarily* signify a public use and (2) the fact that the property in question is in a private subdivision in an unincorporated area is a circumstance tending to show that a private use may have been intended. Moreover, even if the word "park" on the plat was otherwise sufficient to show intent to dedicate the property to a public use, the plat did not effect a dedication *to Lake County* since Lake County is not identified on the plat as the grantee, nor would it take title by operation of section 3 of the Plat Act. Defendants have not suggested that there was a dedication to any other unit of local government, and we need not consider that possibility.

Since there was no statutory dedication, the property was not exempt from taxation, and the tax deed to Marguerite Weldon was not void. As noted above, a common-law dedication would not confer tax exempt status (at least under the circumstances of this case), and it is unnecessary to determine whether a common-law dedication

occurred. At this point we note that plaintiff has filed a motion, which we have taken with case, to strike the portion of defendants' brief arguing that there was a common-law dedication. However, in view of our resolution of this case, the motion is moot. It is also unnecessary to consider the other issues raised by plaintiff.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed.

Reversed.

McLAREN and DOYLE, JJ., concur.