FIRST DIVISION
MARCH 19, 2007

No. 1-06-0292

PERRY BIGELOW, and THE BIGELOW ) Appeal from the
GROUP, INC., an Illinois Corporation, ) Circuit Court of
) Cook County.
     Plaintiffs-Appellees, )
)
  v. ) No. 03 CH 04739
)
THE CITY OF ROLLING MEADOWS, an )
Illinois Municipal Corporation, ) The Honorable
) Mary Anne Mason,
     Defendant-Appellant. ) Judge Presiding.

JUSTICE GARCIA delivered the opinion of the court.

In March 2003, the plaintiffs, Perry Bigelow and the Bigelow Group, filed a complaint for declaratory judgment against the defendant, the City of Rolling Meadows (City). The plaintiffs asked the court to declare that they were the owners of a 33-foot strip of property (Subject Property) and that the City had no interest in the property. Both parties filed motions for summary judgment. The trial court granted the plaintiffs' motion, finding there was no statutory dedication of the Subject Property and that the City waived its argument that there was a common-law dedication. The City appealed, arguing (1) the action is time-barred, and (2) the Subject Property was dedicated to and

accepted by the City for the benefit of the public. For the reasons that follow, we affirm the judgment of the trial court.

BACKGROUND

The Subject Property consists of a 33-foot strip of land within the municipal boundaries of the City. In 1926, the Subject Property was platted as part of a subdivision known as Arthur T. Macintosh and Company's Palatine Estates Unit No. 2 Subdivision (Palatine Estates) in what was then unincorporated Cook County. In the 1926 plat of subdivision, the Subject Property was designated as Winnetka Avenue.

Perry Bigelow is the beneficial owner of lot 7 of Palatine Estates. The record owner is the First National Bank and Trust Company of Barrington (Bank); the Bank is the trustee pursuant to a 1986 trust agreement. The Bigelow Group is the beneficial owner of lots 5 and 6. The Bank is also the record owner of those lots as trustee under a 1987 trust agreement. The Subject Property runs adjacent to lots 5, 6, and 7.

In 1961, the City annexed property near Palatine Estates. The plaintiffs contend the property was south of Palatine Estates. The City maintains that the property fell within the plat of subdivision and included the Subject Property. Although the annexation agreement is included in the record, the map

referenced in the agreement is not.[1]  Without the map, it is difficult for this court to properly assess whether the property was included in the agreement.

In 1992, the City passed an ordinance annexing the Subject Property.[2]  The ordinance referred to Winnetka Avenue as "dedicated Winnetka Avenue" and "dedicated right-of-way Winnetka Avenue."  The City has referred to the Subject Property as a dedicated right-of-way in other documents, including a plat of the Plum Grove Countryside Unit No. 11 Subdivision, where it is referred to as "heretofore dedicated," and in an ordinance vacating part of Winnetka Avenue, the City refers to Winnetka Avenue as a "dedicated right-of-way."

The Subject Property has never been paved or used as a public way for vehicular or pedestrian traffic.  The Subject

---

[1] On appeal, an appellant has the burden to present a sufficiently complete record to support his claims of error. Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984).  "From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant."  Foutch, 99 Ill. 2d at 391.

[2] Portions of this ordinance are illegible.

Property is burdened with the City's storm sewer and a drain tile line installed by Northwest Mosquito Abatement District.

In February 2003, the plaintiffs sent a letter to the mayor of the City stating:

> "The [Subject Property] has never been donated or dedicated to the public; nor has it ever been improved or used as a public way for vehicular or pedestrian traffic. As the owner of the strip, I am entitled to use it for any lawful purpose, including but not limited to the construction of a street or driveway. Although my ownership of the strip is clear under Illinois law, please be advised that in the event it is determined by a court of competent jurisdiction that the recordation of the 1926 plat of subdivision was intended to constitute an offer of dedication of the strip to the public, I do hereby revoke and withdraw the offer to dedicate the strip to the public."

In March, the plaintiffs filed their complaint for declaratory relief, asking that the trial court declare that they are the owners of the Subject Property. The plaintiffs filed a

**4**

motion for summary judgment, arguing that the Subject Property was not a dedicated public right-of-way. The City filed a cross-motion for summary judgment, arguing that the Subject Property was a dedicated public right-of-way and that the City accepted the dedication for the benefit of the public. The trial court granted the plaintiffs' motion and denied the City's. This appeal followed.

                                ANALYSIS

The City argues that the trial court erred when it granted the plaintiffs' motion for summary judgment because (1) the action was time-barred, and (2) the Subject Property was dedicated to and accepted by the City for the benefit of the public.

Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2002). Summary judgment should only be granted where the right of the moving party is clear and free from doubt. Horwitz v. Holabird & Root, 212 Ill. 2d 1, 8, 816 N.E.2d 272 (2004). We review the grant of summary judgment de novo. Horwitz, 212 Ill. 2d at 8.

                                   **5**

No. 1-06-0292

## A. Timeliness of the Action

The City argues that this action was untimely because it was filed outside the one-year statute of limitations of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 (West 2002)). Section 8-101 provides: "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILCS 10/8-101 (West 2002).  However, section 2-101 of the Tort Immunity Act explains: "Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee."  745 ILCS 10/2-101 (West 2002).

In <u>Raintree Homes, Inc. v. Village of Long Grove</u>, 209 Ill. 2d 248, 256, 807 N.E.2d 439 (2004), the supreme court held that where a plaintiff seeks relief <u>other</u> <u>than</u> <u>damages</u>, his claim is excluded from the Tort Immunity Act.  In that case the plaintiffs sought a declaration that an ordinance was unlawful and they sought restitution for wrongly obtained fees.  As the plaintiffs did not state a claim for damages, their cause of action was not barred by the one-year statute of limitations.  <u>Raintree Homes</u>, 209 Ill. 2d at 258.

In this case, the plaintiffs sought declaratory relief, not damages. Specifically, the plaintiffs sought a declaration that: (1) plaintiffs are the owners of the Subject Property and the City has no interest in the property; (2) the Subject Property is not a dedicated right-of-way and the City's actions prohibiting the use of the Subject Property are unconstitutional and void; (3) the City's actions constitute the taking of the plaintiffs' property without due process of law; and (4) the plaintiffs have a clear legal right to use the Subject Property as access to the public portion of Winnetka Road. The plaintiffs also asked the court to enjoin and restrain the City from preventing the reasonable use of the Subject Property. The plaintiffs' action, therefore, is not barred by the Tort Immunity Act's one-year statute of limitations.

Alternatively, the City argues that the plaintiffs' cause of action is barred by the doctrines of laches and waiver. The City contends that until the filing of their complaint, the plaintiffs did not make any claim to the Subject Property. Specifically, the City alleges that the plaintiffs failed to pay taxes on the Property, failed to take any action to claim title, and proposed an annexation agreement with the City that included terms regarding the vacation of the Subject Property. The City,

**7**

No. 1-06-0292

however, cites no authority to support this argument.  Because this argument is not supported by any authority, it is waived. Ruback v. Doss, 347 Ill. App. 3d 808, 816, 807 N.E.2d 1019 (2004) (citing Supreme Court Rule 341(e)(7) 210 Ill. 2d R. 341(e)(7), which requires a party to provide citations to relevant authority supporting arguments advanced on appeal).

B. Dedication and Acceptance

Section 3 of the Plat Act provides:

"The acknowledgment and recording of such plat, or the acknowledgment and the filing of the same shall be held in all courts to be a conveyance in fee simple of such portions of the premises platted as are marked or noted on such plat as donated or granted to the public *** for their use or for the use and purposes therein named or intended, and for no other use or purpose; and the premises intended for any street, alley, way, common or other public use in any city, village or town, or addition thereto, shall be held in the corporate name thereof in trust to and for the uses and purposes set

**8**

forth or intended."  765 ILCS 205/3 (West 2002).[3]

In other words, a statutory dedication occurs when: (1) the property owner files or records a plat which marks or notes on the plat portions of the premises as donated or granted to the public, and (2) the public entity accepts the dedication. Emalfarb v. Krater, 266 Ill. App. 3d 243, 248, 640 N.E.2d 325 (1994).  "In order to effect a statutory dedication, the provisions of the Plat Act must be fully complied with, and the plat must clearly indicate a donation to the public of the real estate in question."  Emalfarb, 266 Ill. App. 3d at 252.  In addition, a statutory dedication requires an ascertainable grantee to take title.  Woodward v. Schultz, 15 Ill. 2d 476, 482, 155 N.E.2d 568 (1959);  Emalfarb, 266 Ill. App. 3d at 253. "However, the nonexistence of such a grantee at the time the plat is filed or recorded is not fatal; ' "where the municipality is not in existence at the time of the dedication, the fee of the streets, alleys and public grounds remains in abeyance, subject to vest in the corporation as soon as it is created." '

---

[3] The 1925 version of section 3 of the Plat Act is virtually the same at the current version.  See Ill. Rev. Stat. 1925, ch. 109, par. 3.

[Citations.]" <u>Emalfarb</u>, 266 Ill. App. 3d at 253; see also <u>Board of Trustees of the Illinois & Michigan Canal v. Haven</u>, 11 Ill. 554, 557 (1850). To determine whether there is a statutory dedication, courts are limited to an examination of the plat and the marks and notations appearing on the plat. <u>Emalfarb</u>, 266 Ill. App. 3d at 252.

The City cites <u>Kimball v. City of Chicago</u>, 253 Ill. 105, 97 N.E. 257 (1911), to support its argument that the plat need not contain express words of dedication to effectuate a proper dedication. The City of Chicago argued that a strip of platted land was an alley dedicated to the public. Although the strip was not marked or designated as an alley, the court held that it was clear from the plat that the plattor intended that the land be dedicated to the City for use as an alley. <u>Kimball</u>, 253 Ill. at 110. Specifically, the court noted that the street lines did not cross the alley and the alley connected directly to the streets, indicating "an intention on the part of the plattor, we think, to connect said strip at each street intersection in said subdivision, and to indicate that said strip has been left open as an alley, as plainly as though the strip had been marked with the word 'alley' upon the plat." <u>Kimball</u>, 253 Ill. at 110.

The <u>Kimball</u> court also noted that "in order to show an

**10**

intention to dedicate a strip of land for the use of the public as a street it is not essential that the strip be designated on the plat as a street, if, upon consideration of the entire plat, there is manifested an intention to dedicate the strip as a street." Kimball, 253 Ill. at 110, citing Thompson v. Maloney, 199 Ill. 276, 284, 65 N.E. 236 (1902) ("A survey and plat alone are sufficient to establish a dedication, if it is evident from the face of the plat it was the intention of the proprietor to set apart certain grounds for public use").

In Reiman v. Kale, 83 Ill. App. 3d 773, 776, 403 N.E.2d 1275 (1980), the plaintiffs argued that marked roads on a plat were statutorily donated to Downers Grove Township. The roads were designated by dotted lines, while the lot lines were designated by solid lines. The lot lines ran to the center of the street. The appellate court held that the plat was insufficient to create a statutory dedication because it failed to indicate that the streets were granted to the public. Specifically, the court pointed out that the streets were not marked as donated or dedicated to the public, and the lot lines ran to the center of the street. Thus, the court held there was no clear indication on the plat that the owner intended to make dedication. "The mere fact that the plat indicates the presence of streets, which

**11**

are generally considered public places, is insufficient to effect a statutory dedication, since there is no general prohibition against private streets." Reiman, 83 Ill. App. 3d at 776; see also People ex rel. Schimpff v. Norvell, 368 Ill. 325, 327, 13 N.E.2d 960 (1938) ("There is no rule of law which forbids the subdivision of land by its owner in such a way as to establish over it only private ways for the sole benefit of those who may become owners of lots in the tract, and in which the public, as such, will have no interest and over which it will have no control").

The Emalfarb court, following Reiman, held that the fact the land as issue was labeled "park" on the plat and that such a use was normally a public, rather than a private, use was insufficient to establish a statutory dedication in the absence of a specific designation of the land as public or other words expressing an intent to donate the land for public use. Emalfarb, 266 Ill. App. 3d at 255. The court held that "to the extent that parks are generally considered public places, they obviously may be maintained privately," and pointed out that the original plat noted that all parks were "for the use only of the present owners." Emalfarb, 266 Ill. App. 3d at 255.

The court further explained that even if the word "park" was

**12**

sufficient to dedicate the property to a public use, it did not establish the intent to dedicate the property to a specific entity. The land at issue was part of a private subdivision in an unincorporated area of Lake County. Lake County was not identified on the plat, and specifically it was not identified as a grantee. Because the plat evidenced no intent to dedicate the land to Lake County, the court held no statutory dedication occurred. Emalfarb, 266 Ill. App. 3d at 255-56.

The language of the Plat Act states that the dedicated land must be "marked or noted on such plat as donated or granted to the public." 765 ILCS 205/3 (West 2002). That means that it must be clear on the face of the plat that a dedication was intended. We find the facts in Kimball distinguishable from the facts in this case. In Kimball, there were no allegations that the streets marked on the plat were not dedicated, and hence, for public use. Because the alley opened onto and connected the streets, it was clear, from the plat alone, that the alley was dedicated for public use.

In this case, although the Subject Property was designated as Winnetka Avenue, there were no marks or notations on the plat evidencing an intent to dedicate the Property for use by the public. Although we recognize that most roads are public, there

**13**

is no prohibition against private streets.  Where the subdivision was located not within the boundaries of a municipality, but in unincorporated Cook County, we will not assume dedication in the absence of such evidence.  Accordingly, we hold that there was no statutory dedication.  Because there was no dedication, we need not determine whether there was acceptance.

The City argues that if there was no statutory dedication, then there was sufficient evidence to establish a common-law dedication.  When the requirements of a statutory dedication are not met, the facts may still disclose a common-law dedication, in which case the fee remains in the dedicator, subject to an easement for the benefit of the public.  Emalfarb, 266 Ill. App. 3d at 252-53.  For a common-law dedication to be effective, there must be: (1) an intention to dedicate the property for public use; (2) acceptance by the public; and (3) unequivocal evidence of the first two elements.  Emalfarb, 266 Ill. App. 3d at 253.  The trial court found that the City waived any argument that there was a common-law dedication because it failed to respond or raise the issue in its combined response to the plaintiffs' motion for summary judgment and cross-motion for summary judgment.

"It is well settled that issues not raised in the trial

**14**

court are deemed waived and may not be raised for the first time on appeal." Haudrich v. Howmedica, Inc., 169 Ill. 2d 525, 536, 662 N.E.2d 1248 (1996). Because the City addressed only the statutory dedication of the Subject Property, we find that any argument concerning a common-law dedication is waived.

Waiver aside, we agree with the trial court that the City has not met its burden of establishing a common-law dedication. The intent to dedicate "may be manifested by a formal dedication or by acts of the donor from which the intent may be so fairly presumed as to equitably estop the donor from denying a donative intent." Limestone Development Corp. v. Village of Lemont, 284 Ill. App. 3d 848, 858-59, 672 N.E.2d 763 (1996). "Proof of any act by the dedicator that evidences an intention to dedicate must be clear, unequivocal, and unambiguous." Limestone Development Corp., 284 Ill. App. 3d at 859.

As we explained above, there was no express intent to dedicate the Subject Property on the face of the plat. While we recognize that by labeling the Subject Property "Winnetka Avenue," the argument could be made that it was dedicated for use as a public road, that conclusion is neither unequivocal nor unambiguous where there was no prohibition against private roads and the Subject Property was not located within the boundaries of

**15**

a municipality. Because there is no evidence of "clear, unequivocal, and unambiguous" donative intent, we find there was no common-law dedication.

## CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

McBRIDE, P.J., and CAHILL, J., concur.