2022 IL App (2d) 210515-U
No. 2-21-0515
Order filed July 5, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| JOE REICH, KIMBERLY REICH, and AMY KEATON, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiffs-Appellants, | ) ) | |
| | ) | No. 19-MR-346 |
| v. | ) ) | |
| CITY OF LAKE FOREST, | ) ) | Honorable Mitchell L. Hoffman, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Trial court properly granted the defendant summary judgment on the plaintiffs' action seeking a declaration that the defendant was responsible for maintaining a pond that was on the plaintiffs' property.

¶ 2   The plaintiffs, Joe Reich, Kimberly Reich, and Amy Keaton, brought an action against the defendant, the City of Lake Forest (City), seeking a declaration that the City was responsible for maintaining a pond that was on their properties. The circuit court of Lake County granted the City's motion for summary judgment and denied the plaintiffs' motion for summary judgment. The plaintiffs appeal from that order. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The plaintiffs live in the Gavin Woods subdivision in Lake Forest.  Plaintiffs Joe Reich and Kimberly Reich live at 1275 Gavin Court and plaintiff Amy Keaton lives at 1305 Gavin Court. The rear portions of the plaintiffs' properties are covered by a pond.

¶ 5     Bruce Campbell (Developer) was the owner and developer of the land at the time that it was subdivided into the Gavin Woods subdivision.  The Developer submitted his proposed subdivision to the City and the City's Plan Commission.  On April 11, 1988, the Plan Commission identified two key issues with the proposed subdivision: sanitary sewer service and drainage.  The Developer worked with the City's engineer to provide adequate stormwater drainage to the subdivision and provided a storm water management plan to ensure proper drainage.  The Developer stated that he provided two detention ponds within the proposed subdivision to "capture the majority of all storm water run-off that is generated from this site."  The Plan Commission recommended approval of the subdivision, and the City Council approved the Gavin Woods plat on May 14, 1988.  The Gavin Woods subdivision plat was recorded with the Lake County Recorder of Deeds on September 7, 1988.

¶ 6     The Gavin Woods plat shows a "Storm Drainage & Detention Easement" that runs along the southern property line of the Reich Property, directly north through the Keaton property, and then runs along the northern property line of the Keaton Property.  This easement is now covered by the pond.  The Gavin Woods plat does not contain any notation or marks stating that the pond or the pond easement were dedicated to the City or dedicated to public use.  This is different from other parts of the plat, such as a road, Gavin Court, which runs through the Gavin Woods subdivision.  The Developer included language that Gavin Court is "hereby dedicated for road purposes."

¶ 7    As part of the Gavin Woods subdivision process, the City and the Developer also entered into a subdivision agreement that required the Developer to construct certain public improvements, including curbs, sidewalks, water mains, and storm sewers within the subdivision that would ultimately be accepted by the City. This subdivision agreement does not list the pond as a public improvement to be dedicated to the City.

¶ 8    Pursuant to the subdivision agreement, the Developer constructed a 24-inch concrete storm sewer than ran from the Gavin Court right of way, westerly under the storm drainage and detention easement located on the southern edge of the Reich Property, and terminating with a concrete inlet structure at the pond. The City accepted the storm sewer as a public improvement as part of its stormwater management system and consistent with the subdivision agreement. The City has performed maintenance on the concrete inlet portion of the storm sewer.

¶ 9    The pond, and the other detention pond in the Gavin Woods subdivision were designed to capture most of the storm water run-off generated by the Gavin Woods subdivision. The ponds drain the entire area of the Gavin Woods Subdivision, including the plaintiffs' properties, and not just the Gavin Court right of way.

¶ 10    The City has never performed any maintenance on the ponds. The City does not perform regular maintenance on detention ponds located on any private property.

¶ 11    On April 9, 2019, plaintiffs Joe and Kimberly Reich filed a complaint against the City. The complaint sought a declaratory judgment that the pond partially located on their property had been dedicated to the City through a common-law dedication, and therefore the City was responsible for maintaining the pond. The Reichs subsequently amended their complaint and added Keaton as a co-plaintiff. Thereafter, the plaintiffs and the City filed cross-motions for summary judgment.

¶ 12    On April 13, 2021, following a hearing, the trial court granted the City's motion for summary judgment. The trial court held that there was no unequivocal evidence of donative intent by the Developer to dedicate the pond or the pond easement to the City. The trial court further held that there was no unequivocal evidence that the City had accepted the pond or the pond easement. Following the denial of the plaintiffs' motion to reconsider, the plaintiffs filed a timely notice of appeal.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, the plaintiffs argue that the trial court erred in granting the City summary judgment because the unequivocal evidence shows that the Developer intended to dedicate the pond to the City and the City accepted it.

¶ 15    Summary judgment is appropriate where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Hall v. Henn*, 208 Ill. 2d 325, 328 (2003). When reviewing a trial court's award or denial of summary judgment, we must construe the pleadings, depositions, admissions, exhibits, and affidavits strictly against the moving party and liberally in favor of the non-moving party. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). The standard of review for the entry of summary judgment is *de novo*. *Clausen v. Carroll*, 291 Ill. App. 3d 530, 536 (1997).

¶ 16    The dedication of property can be either a statutory dedication, which is created by the recording of a plat, or a common-law dedication, which is shown by the grantor's actions. *Kirnbauer v. Cook County Forest Preserve District*, 215 Ill. App. 3d 1013, 1020 (1991). A statutory dedication is created by a particular form of the instrument recorded, whereas a common-

law dedication may be made by a written instrument or may be evidenced by acts and declarations without a writing. *General Auto Service Station v. Maniatis*, 328 Ill. App. 3d 537, 546-47 (2002).

¶ 17    On appeal, the plaintiffs assert only that the pond was transferred to the City via a common-law dedication. For a common-law dedication to be effective, there must be: (1) an intention to dedicate the property for public use; (2) acceptance by the public; and (3) unequivocal evidence of the first two elements. *Bigelow v. City of Rolling Meadows*, 372 Ill. App. 3d 60, 67 (2007). The intent to dedicate "may be manifested by a formal dedication or by acts of the donor from which the intent may be so fairly presumed as to equitably estop the donor from denying a donative intent." *Limestone Development Corp. v. Village of Lemont*, 284 Ill. App. 3d 848, 858-59 (1996). "Proof of any act by the dedicator that evidences an intention to dedicate must be clear, unequivocal, and unambiguous." *Id.*

¶ 18    The evidence in this case neither unequivocally nor unambiguously indicates that the Developer intended to dedicate for public use the pond behind the plaintiffs' houses. Indeed, the strongest evidence in this case—the subdivision plat and the subdivision agreement—suggests that the Developer did not intend to dedicate the pond for public use. The subdivision plat makes no reference to dedicating the pond for public use. This is in contrast to other parts of the development that the Developer indicated were being dedicated for public use. Specifically, the plat shows a public right of way known as Gavin Court which runs through Gavin Woods subdivision and abuts each of the lots. There, the Developer included language on the plat that Gavin Court was "hereby dedicated for road purposes." The fact that the Developer included language indicating that it was dedicating Gavin Court but included no similar language for the pond suggests that he did not intend to dedicate the pond for public use.

¶ 19    Similarly, the subdivision agreement sets forth certain improvements the Developer had to make as a condition of the City approving and recording the plat of subdivision. These mandated improvements listed 12 items, including sewers, water mains, sidewalks, street lights and parkway trees. The agreement further provided that once the City surveyor and engineer certified the completion of the improvements, the City would accept them. The agreement makes no reference to the pond. Based on the doctrine of *espressio unius est exclusion alterius* (the mention of one thing excludes another), the agreement's omission of any reference to the pond indicates that it was not contemplated as an improvement that the Developer would make and then dedicate to the City. See *West Bend Mutual Insurance Co. v. DJW-Ridgeway Building Consultants, Inc.*, 2015 IL App (2d) 140441, ¶ 39. Accordingly, we agree with the trial court's determination that the plaintiffs did not present unequivocal evidence that the Developer intended to donate the pond to the City. We therefore hold that the trial court properly granted the City's motion for summary judgment.

¶ 20    In so ruling, we reject the plaintiffs' argument that the totality of the evidence clearly indicates that the Developer intended to donate the pond to the City. In making this argument, the plaintiffs assert that the pond is an integral part of the stormwater management system for Gavin Woods. They note that the minutes from the April 11, 1988, Plan Commission meeting indicate the Developer was required to have a stormwater management system (which included the pond) before the building of any residences in Gavin Woods would be approved. The mandatory stormwater management system is reflected in both the plat (which refers to a storm drainage and detention easement) and the subdivision agreement. Because of the stormwater management

system's reference in all the relevant documents[1] and because the "Pond and its appurtenances work as one contiguous storm water management system," the plaintiffs insist that "the Developer and the City *must have intended* the entire system be for a public benefit—to prevent flooding in Gavin Woods." (Emphasis added).

¶ 21 The plaintiff's use of the phrase "must have intended" is telling. Their argument acknowledges that the evidence does not clearly indicate that the pond was intended to be

_____

[1]The plaintiffs also argue that a relevant document is the City's Land Use and Development Ordinance, which requires the final plat of a subdivision to include "[i]dentification of all lands and road rights-of-way to be dedicated to the city for public use and all lands to be authorized for city use or public use through easements." Lake Forest Code of Ordinances, Title XV, Chapter 156.028(A)(5)(a). The plaintiffs contend that the Developer's designation of a "Storm Drainage & Detention Easement" on the plat complies with the ordinance and demonstrates that he intended to donate the detention easement (the pond) to the City. This argument is waived because the plaintiffs did not raise it in the trial court. *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). Further, even absent waiver, the Developer's use of the term "Detention Easement" is not dispositive because an easement does not necessarily benefit just a municipality. See *Nationwide Financial, L.P. v. Pobuda*, 2014 IL 116717, ¶ 29 (an easement is a right or privilege in the real estate of another). As the easement was plausibly intended to just benefit the plaintiffs' neighbors in the Gavin Woods subdivision, the Developer's compliance with the ordinance does not unequivocally and unambiguously demonstrate that he intended to donate the pond to the City. See *Limestone*, 284 Ill. App. 3d at 858-59.

dedicated to the public, rather that fact must be implied. Such an inference does not rise to the level of being unambiguous, especially in light of the other evidence set forth above that indicates that the Developer did not intend to donate the pond to the City.

¶ 22     We are also unpersuaded by the plaintiff's reliance on *Application of Cook County Collector and Ex Officio County Treasurer of Cook County* (*Musikantow v. Village of South Holland*), 44 Ill. App. 3d 327, 330 (1976) and *McDermott v. Metropolitan Sanitary District*, 240 Ill. App. 3d 1, 21-22 (1992). The plaintiffs assert that *Musikantow* stands for the proposition that donative intent can exist regardless of the lack of specific markings on a plat. *Musikantov*, 44 Ill. App. 3d at 330. Although we do not disagree with that proposition, *Musikantow* does not help the plaintiffs because there the Village was able to overcome the lack of special markings on the plat by presenting the testimony of both a representative from the Village and the developer that the developer did intend to donate the land at issue to the Village. *Id.* at 329-330. Here, the plaintiffs presented no similar testimony to overcome the lack of unequivocal donative intent reflected in any of the relevant documents.

¶ 23     *McDermott* is not relevant as that case does not discuss a common-law dedication.

¶ 24     As we have concluded that the plaintiffs have failed to establish donative intent on the part of the Developer, we need not consider whether the City accepted that donation because there can be no common-law dedication of the pond to the City in absence of donative intent. *Bigelow*, 372 Ill. App. 3d at 67.

¶ 25                                   III. CONCLUSION

¶ 26     For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 27     Affirmed.